NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMERSON EMANUEL DE LEON-ALFARO; JENNIFER ANNELLY FERNANDEZ-MONTENEGRO; M.A.D.F.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7753

Agency Nos.
A203-807-901
A203-807-902
A203-807-903

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

Emerson Emanuel De Leon-Alfaro and Jennifer Annelly Fernandez-

Montenegro (together, "Petitioners") are natives and citizens of Guatemala. They

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing the appeal of the immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1. Petitioners contend they were persecuted or will be persecuted on account of their membership in two particular social groups ("PSG"): "business owners" and "immediate family members of [their child]."

Petitioners did not raise the PSG of business owners in the agency proceedings below so this claim was not exhausted. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) ("To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have an opportunity to pass on the issue." (internal citation and quotation marks omitted)).

Substantial evidence supports the agency's finding that Petitioners did not establish a nexus between persecution and their family-based PSG. The record supports the agency's conclusion that the incidents from 2019 involved "criminals motivated by theft," which "bears no nexus to a protected ground." *See Zetino v.*

---

[1] Their child M.A.D.F. was determined to be a derivative beneficiary of De Leon-Alfaro's asylum application.

*Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The two men who threatened petitioners only demanded money, and Petitioners testified that their neighbors were similarly extorted for money.

Although Petitioners are immediate relatives of their child, the record does not compel the conclusion that the two men had or have any desire to harm Petitioners because of their familial relationship to their child. Although the men showed De Leon-Alfaro photos and videos of Petitioners' child, the threats to kill their child if De Leon-Alfaro did not pay were "an instrumental means to obtain money" rather than threats motivated due to their familial relationship. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023). Petitioners concede that the reason for the death threats "was to intimidate or coerce the Petitioners into giving them money." Thus, the record does not compel the conclusion that their familial connection was a reason Petitioners were or will be harmed. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (holding substantial evidence standard requires reversal when "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record" (citation and quotation marks omitted)).

2. Petitioners contend they are eligible for protection under CAT. However, substantial evidence supports the agency's finding that Petitioners did not establish they will more likely than not be tortured if removed to Guatemala.

*See id.* As the BIA noted, Petitioners did not provide evidence of past torture.[2]

Petitioners did not provide persuasive testimony or evidence that the men who threatened them in 2019 have demonstrated continued interest in harming them. To the contrary, De Leon-Alfaro testified that his parents and siblings remain in Guatemala, and no one has come looking for Petitioners at his family's home since they left. The agency therefore did not err in holding that Petitioners' fear of future torture is speculative.[3]

3.　　Petitioners contend that there were "persistent technical issues during the merits hearing" which interfered with their ability to "fully recount their experiences." Petitioners argue that these interruptions "may have also hindered the interpreter's ability to hear or completely understand the Petitioners' testimony." Because Petitioners did not raise this claim before the BIA, this claim was not exhausted. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana*, 101 F.4th at 629.

---

[2] Petitioners contend that the agency erred by requiring they show past torture to establish a clear probability of future torture. But the BIA did not require past torture in analyzing Petitioners' fear of future torture. Rather, the BIA considered no past torture as a factor in assessing their fear of future torture. *See* 8 C.F.R. § 1208.16(c)(3)(i) (listing "[e]vidence of past torture" as relevant to the possibility of future torture).

[3] Because our holding is dispositive of Petitioners' CAT claim, we do not reach their argument that they would be tortured with the consent or acquiescence of a public official. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**[4]

---

[4] Petitioners' motion to stay removal, Dkt. No. 4, and supplemental motion to stay removal, Dkt. No. 13, are denied. The temporary stay of removal shall remain in place until the mandate issues.

24-7753